IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JUSTIN CHARLES ARNOLD, | : |
| Petitioner, | : |
| v. | : CASE NO.: 7:20-CR-11 (LAG) |
| | : 7:23-CV-143 (LAG) |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation (R&R) (Doc. 64), dated June 5, 2024. For the reasons stated below, the R&R is **ACCEPTED** and **ADOPTED**.

*Pro se* Petitioner Justin Charles Arnold filed a Motion to Vacate under 28 U.S.C. § 2255 on December 15, 2023, challenging the sentence imposed after he pleaded guilty to one count of possession of a firearm by a convicted felon. (Doc. 52 at 1, 11–12; Docs. 1, 25, 35, 37). Petitioner challenged his sentence on the following grounds: (1) "Constitutional violations in regard to second amendment—Petitioner['s] detention under 922(g) unconstitutional"; (2) Petitioner['s] constitutional rights violated by not providing allocution to petitioner during pre-sentence"; (3) "Petitioner discriminated against by commingling evidence and docket of all conspirators into one docket"; and (4) "due process of law violated by Petitioner['s] continued incarceration on unconstitutional law." (Doc. 52 at 4–9). The Government filed a Motion to Dismiss in Lieu of Response to 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence on January 10, 2024, arguing that Petitioner's Motion be dismissed because it "was filed more than one year after [Petitioner's] conviction became final, and he is not entitled to equitable tolling." (Doc. 55 at 4). Petitioner filed a Response to the Government's Motion on January 22, 2024 (Doc. 57), and the Government filed a Reply on January 26, 2024 (Doc. 59).

On June 5, 2024, the Magistrate Judge issued the R&R recommending that the Government's Motion to Dismiss be granted and that the Petitioner's Motion to Vacate be

dismissed as untimely. (Doc. 64 at 6–7). The Magistrate Judge determined that Petitioner had until June 23, 2023, but did not file his Motion until November 25, 2023, rendering his motion untimely under § 2255(f)(3). (*Id.* at 4). The Magistrate Judge further determined that "Petitioner has not demonstrated that an extraordinary circumstance stood in his way and prevented timely filing[,]" nor did he demonstrate that "he was pursuing his rights diligently." (*Id.* at 6). As such, the Magistrate Judge found that Petitioner "is not entitled to equitable tolling of the one-year statute of limitations imposed by 28 U.S.C. § 2255(f)." (*Id.*). The R&R triggered the fourteen-day period provided under 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(a) for the Parties to file written objections. No party filed an objection to the R&R. (*See* Docket).

District courts must "conduct a careful and complete review" to determine "whether to accept, reject, or modify" a magistrate judge's report and recommendation. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (citation omitted). The Court reviews *de novo* the dispositive portions of a magistrate judge's report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court reviews unobjected-to portions of a magistrate judge's report and recommendation for clear error. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). If necessary, the Court may review factual issues *de novo* to "aid its review of a magistrate's report." *Wainwright*, 681 F.2d at 732.

Here, because no Party objected to the R&R, the Court reviews the R&R for clear error. Upon careful and complete review of the R&R and the record in this case, the Court finds no clear error in the R&R. Accordingly, the Court **ACCEPTS, ADOPTS,** and makes the Order of this Court the Magistrate Judge's R&R for reason of the findings made and reasons stated therein. (Doc. 64). The Government's Motion to Dismiss (Doc. 55) is **GRANTED** and Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 52) is **DISMISSED** as untimely.

**SO ORDERED**, this 9th day of July, 2024.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**